UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENO LUCAS COELHO,

Petitioner,

v. Case No. 3:26-cv-2791-MMH-PDB

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Breno Lucas Coelho, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on October 13, 2026. Coelho, a citizen of Brazil and Portugal, was admitted into the United States under the Visa Waiver Program (VWP). Id. at 8. Coelho "lived openly" in the United States until October 6, 2026, when United States Immigration and Customs Enforcement detained him following a vehicle inspection. Id. at 9. Coelho has a pending asylum application. Doc. 14-1 at 1–2. The crux of Coelho's Petition is that he is not subject to mandatory detention. Doc. 1 at 10–25. As relief, he seeks, inter alia, immediate release. Id. at 28.

As the basis for Coelho's detention, the Federal Respondents cite to 8 U.S.C. § 1187(c)(2)(E), which states:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

However, this provision "does not contain language authorizing detention, much less mandatory detention." Nicolas T. v. Noem, No. 1:25-CV-313, 2026 WL 1010750, at *1 (S.D. Tex. Mar. 30, 2026),[1] report and recommendation adopted sub nom. Osorio Toro v. U.S. Dep't of Homeland Sec., No. 1:25-CV-00313, 2026 WL 1010110 (S.D. Tex. Apr. 14, 2026); see also Suarez-Garcia v. Warden Fla. Soft Side S., No. 2:26-CV-00687-KCD-DNF, 2026 WL 1396082, at *1 (M.D. Fla. May 19, 2026). As such, "it does not authorize detention generally or to [Coelho] in particular." Nicolas T., 2026 WL 1010750, at *1.

Instead, it appears Coelho's detention is governed by 8 U.S.C. § 1226(a). The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Here, Coelho was unlawfully in the interior when he was detained; therefore, he is subject to § 1226 and is entitled to a bond hearing. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Coelho's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act. Within **seven days** of this Order, Respondents shall either afford Coelho an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release Coelho, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[2] Coelho is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 11/19
c:
Counsel of Record